IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MOON RIVER FOODS, INC.                    PLAINTIFF/COUNTERDEFENDANT

v.                                        CIVIL ACTION NO. 4:23-CV-189-SA-DAS

RED CHAMBER CO.                           DEFENDANT/COUNTERPLAINTIFF

ORDER AND MEMORANDUM OPINION

On August 16, 2023, Moon River initiated this civil action by filing its Complaint [2] in the Circuit Court of Sunflower County, Mississippi. Red Chamber removed the case to this Court on October 16, 2023, premising jurisdiction on diversity of citizenship. Red Chamber subsequently filed its Answer [5], wherein it asserted three counterclaims against Moon River. Thereafter, Moon River filed a Motion to Dismiss [15], seeking dismissal of Red Chamber's counterclaims. The Motion [15] has been fully briefed and is now ripe for review.

*Factual Background*

This case involves a business dispute between Moon River and Red Chamber. According to Moon River, in 2019, the parties began discussions about Red Chamber purchasing Moon River's surimi production line equipment from Moon River's processing facility in Baird, Mississippi. Moon River alleges that Red Chamber planned to purchase the equipment and relocate it to one of Red Chamber's facilities in Argentina. Moon River contends that it agreed to sell the equipment if it would be properly compensated and if Red Chamber would pay the relocation costs. Moon River avers that during this time, Red Chamber also expressed interest in a stock purchase agreement, wherein Red Chamber would acquire Moon River's stock.

Moon River alleges that in September 2021, the parties' stock purchase negotiations were moving in a promising direction. Moon River contends that around this same time, although the

parties had no formal agreement regarding the equipment, Red Chamber requested to go forward

with relocating the equipment to Argentina. Moon River agreed. Red Chamber hired Moon River

and a local contractor to disassemble the equipment. After the equipment was disassembled, Moon

River contends that Red Chamber never paid Moon River or the local contractor for their work.

Red Chamber relocated the equipment in April 2022. Following the relocation, Moon River alleges

that Red Chamber changed the terms of the stock purchase agreement. The parties were unable to

finalize the stock purchase agreement or reach a formal agreement regarding the equipment—it

remains in Argentina at this time. On August 1, 2023, Moon River filed its Complaint [2], asserting

a claim of conversion of its surimi equipment.

Red Chamber's version of events differs significantly. It alleges that Moon River agreed

to enter into a stock purchase agreement whereby Red Chamber would acquire all outstanding

capital stock of Moon River. In addition to acquiring the stock, the purchase would include Moon

River's real and personal property, which included the surimi equipment. According to Red

Chamber, Moon River would receive $2,000,000 for the entire purchase. Red Chamber alleges

that after it moved the equipment to Argentina, Moon River demanded more money for the

equipment and refused to close the stock purchase agreement. Red Chamber asserts counterclaims

for breach of contract, promissory estoppel, and specific performance.

Through the present Motion [15], Moon River seeks dismissal of Red Chamber's

counterclaims.

### Dismissal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937.

Ultimately, the Court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)), 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

*Analysis and Discussion*

As noted above, Moon River seeks dismissal of Red Chamber's counterclaims. The Court will address each claim in turn.

I.    *Breach of Contract*

"A breach-of-contract case has two elements: (1) 'the existence of a valid binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enter. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012)).

According to Moon River, Red Chamber's breach of contract claim relies solely on the contention that the parties agreed to enter into an agreement for Moon River's stock. The Countercomplaint [5] alleges, in pertinent part:

> [Red Chamber] and [Moon River] agreed to enter into a stock purchase agreement, for the purchase of all outstanding stock of [Moon River] in exchange for $2,000,000. The purchase would include all assets of [Moon River], including real property and

3

> personal property, with the sole exclusion of cash on hand at the
> time of closing and any accounts receivables accrued prior to close.

[5] at p. 6.

Moon River argues that Red Chamber has not pled sufficient facts to support a breach of contract claim. Particularly, Moon River contends that Red Chamber does not allege that the parties entered into a formal agreement. Instead, Red Chamber contends that the parties *agreed* to enter into an agreement, which, Moon River argues, is insufficient to support a breach of contract claim.

Further, Moon River contends that there are several other issues with Red Chamber's breach of contract claim. First, Moon River alleges that Red Chamber does not attach the alleged agreement to its Countercomplaint [5] nor does Red Chamber allege facts about how the alleged agreement was formed, when it was formed, or where it was formed. Second, according to Moon River, this alleged agreement included the sale of land and Red Chamber does not attach a written agreement to its Countercomplaint [5] or include any facts that the alleged agreement was reduced to writing as required under the Statute of Frauds. Third, Moon River argues that Red Chamber's breach of contract claim should be dismissed because Moon River does not own its stock and Red Chamber's allegation that "[Moon River] agreed to enter into a stock purchase agreement" cannot support a breach of contract claim. *Id.* Simply put, Moon River contends that there can be no breach of contract claim because no valid contract existed.

"The elements of a valid binding contract are: (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, (6) no legal prohibition precluding contract information." *Woodruff v. Thames*, 143 So. 3d 546, 554 (Miss. 2014). "The distinction between an express or implied contract involves 'no difference in legal effect,' but merely in the mode of manifesting assent, *such*

4

*as words or other conduct.*" *West v. City of Holly Springs, Miss.*, 2019 WL 2267294, at *7 (N.D. Miss. May 28, 2019) (quoting *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 66 (Miss. Ct. App. 2011)) (emphasis added).

Here, Red Chamber alleges that the parties agreed to enter into a stock purchase agreement for the sale of Moon River's stock in exchange for $2,000,000. Before any formal contract had been entered into, Moon River allowed Red Chamber to relocate the surimi equipment—which Red Chamber contends was included in the stock purchase agreement—to Argentina. After Red Chamber paid for the equipment to be relocated, Moon River breached the alleged contract by refusing to close on the transaction.

Based on these allegations of Moon River's purported conduct, the Court finds that Red Chamber has alleged sufficient facts, for purposes of this stage of the proceedings to support the existence of a contract between the parties. Further, viewing the facts in the light most favorable to Red Chamber, the Court finds that Red Chamber has sufficiently pled facts to support a breach.

As the Fifth Circuit has explained, the "rule 12(b)(6) standard, 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of necessary claims or elements.'" *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 2011 WL 5593164, at *9 (S.D. Miss. Nov. 17, 2011) (quoting *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008)). Although it is unclear whether Red Chamber will ultimately be able to recover under its breach of contract counterclaim, it nonetheless should be given the opportunity to develop such proof via the discovery process. Therefore, at this stage of the proceedings, it is inappropriate for the Court to dismiss Red Chamber's breach of contract counterclaim. Moon River's request for dismissal of that counterclaim is DENIED.

II.     *Promissory Estoppel*

At the outset, Moon River contends that Red Chamber's promissory estoppel counterclaim should be dismissed because it only recites the elements of the claim and does not include any supporting factual allegations. Moon River additionally argues that, like the breach of contract counterclaim, Red Chamber's promissory estoppel counterclaim should be dismissed because it "[a]ttempts to hold Moon River liable for a so-called contract that was never formed[.]" [16] at p. 7.

Mississippi recognizes promissory estoppel as "(1) the making of a promise, even though without consideration, (2) the intention that the promise be relied upon and in fact is relied upon, and (3) a refusal to enforce the promise would sanction the perpetuation of fraud or would result in other injustice." *Evans v. MC&J Invs., LLC*, 378 So. 3d 936, 940 (Miss. 2024).

Above, the Court concluded that Red Chamber has alleged sufficient facts to support the breach of a contract. Further, for its promissory estoppel counterclaim, Red Chamber alleges that the parties agreed to enter into a stock purchase agreement for $2,000,000. Red Chamber alleges that it relied on Moon River's promise to close the stock purchase agreement when it incurred the costs associated with relocating the equipment to Argentina. After Red Chamber relocated the equipment, Moon River allegedly demanded more money for the equipment and refused to close on the purchase agreement. The Court finds that these allegations are sufficient to support a promissory estoppel claim. Moon River's request for dismissal of the promissory estoppel counterclaim is DENIED.

III.    *Specific Performance*

Moon River also seeks dismissal of Red Chamber's specific performance counterclaim. Moon River contends that Red Chamber's specific performance claim should be dismissed

6

because it is a remedy rather than a cause of action. Notably, Red Chamber does not address or dispute Moon River's assertion that specific performance is not an independent cause of action.

It is well established that "specific performance has traditionally been regarded a remedy for breach of contract that is not a matter of right but of sound judicial discretion." *Frierson v. Delta Outdoor, Inc.*, 794 So. 2d 220, 225 (Miss. 2001). Thus, Red Chamber's specific performance claim is improper and is hereby dismissed. The Court does not intend to bar Red Chamber from seeking specific performance as a remedy; however, to the extent that it is asserted as a counterclaim, it is improper.

*Conclusion*

For the reasons set forth above, Moon River's Motion to Dismiss [15] is GRANTED in part and DENIED in part. Red Chamber's specific performance claim is dismissed *with prejudice*. If it so chooses, Red Chamber may seek leave to amend its Countercomplaint [5] to allege specific performance as a remedy within fourteen (14) days of today's date.

SO ORDERED, this the 4th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

7