### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**MOON RIVER FOODS, INC.**                                      **PLAINTIFF**

**vs.**                                          **CAUSE NO. 4:23-CV-189-SA-DAS**

**RED CHAMBER CO.**                                             **DEFENDANT**

### ORDER GRANTING [107] PLAINTIFF'S MOTION TO STRIKE

Before the Court is Moon River Foods, Inc.'s Motion to Strike Miles L. Prince, Red Chamber Co.'s counsel of record, as a trial witness [Dkt. 107], which has been fully briefed and is ripe for review.

This action has been pending for more than two years. During that time, discovery deadlines were repeatedly extended, ultimately expiring on October 30, 2025. Moon River sought identification of trial witnesses as early as April 17, 2024, through interrogatories expressly requesting the names of individuals with discoverable knowledge and those intended to be called at trial. Red Chamber responded months later by identifying numerous individuals, but not Mr. Prince. Indeed, throughout discovery and motion practice, there was no indication that Red Chamber viewed its own counsel as a potential witness.

Only on the afternoon of the final day of discovery did Red Chamber supplement its response to identify Mr. Prince as a trial witness. Red Chamber contends this disclosure was prompted by testimony elicited during the September 10, 2025, deposition of Moon River's representative, who stated that his personal effort to recover the disputed equipment was to hire an attorney to deal with the matter. From that testimony, Red Chamber extrapolates that communications regarding the equipment occurred between counsel, thereby rendering Mr. Prince a necessary witness.

The court is unpersuaded. Federal Rule of Civil Procedure 26(e)(1)(A) requires supplementation "in a timely manner" once a party learns that its prior disclosure is incomplete or incorrect. A party learns of such a deficiency when it knew or should have known of the need to disclose. *See Dykes v. Cleveland Nursing & Rehabilitation Center*, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (quoting 6 MOORE'S FEDERAL PRACTICE—Civil § 26.131[3] (2018)). Here, even accepting Red Chamber's premise that the September 10 deposition triggered awareness of Mr. Prince's purported relevance, Red Chamber waited a full seven weeks—until the last hours of the last day of discovery—to disclose him. That delay, standing alone, strains any ordinary meaning of "timely," particularly in a case already prolonged by multiple extensions. Moreover, Red Chamber's own submission of Mr. Prince's affidavit establishes that he has been involved in the litigation "since its inception," undermining the suggestion that his relevance suddenly materialized in September 2025. The untimely disclosure alone warrants granting the motion to strike.

Having said that, the court also finds that Mr. Prince is not a necessary witness. He entered the case after suit was filed and was not involved in the pre-litigation events giving rise to the claims and defenses. The fact that attorneys may have communicated once litigation commenced does not transform counsel into indispensable fact witnesses. If it did, attorney withdrawal and lawyer testimony would become routine in virtually every contested civil case—a result incompatible with orderly litigation and sound professional practice. Red Chamber has not demonstrated that the information it seeks to elicit from Mr. Prince cannot be obtained through other witnesses or documentary evidence already disclosed.[1]

---

[1] Moon River also raises ethical objections to counsel serving as both advocate and witness. Given the court's conclusion that Mr. Prince was untimely disclosed and not a necessary witness, the court need not reach the ethical issue. The court notes, however, that Red Chamber's own concession that Mr. Prince would withdraw as trial counsel if permitted to testify underscores the practical and procedural difficulties inherent in the late disclosure.

Once a party shows that an opposing party failed to timely disclose information, the burden shifts to show harmlessness or substantial justification. FED. R. CIV. P. 37(c)(1). In evaluating whether a Rule 26(e) violation is harmless, the court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to timely disclose. *See Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Red Chamber does not meaningfully address these factors, and the record does not support a finding of harmlessness or substantial justification. First, Red Chamber has not shown that Mr. Prince's testimony is important to its defense. As discussed above, he was not involved in the underlying, pre-litigation events, and any post-filing communications involving counsel do not render him a necessary or critical fact witness. Second, the prejudice to Moon River is evident. Disclosure on the final day of discovery deprived Moon River of any meaningful opportunity to explore the scope, admissibility, or credibility of the proposed testimony and would unfairly alter trial preparation in a case long past the discovery phase. Third, while a continuance might theoretically cure some prejudice, reopening discovery in a case pending for more than two years, after multiple extensions and with dispositive motions fully briefed, would itself impose substantial and unwarranted prejudice on Moon River. Fourth, Red Chamber's explanation for its failure to timely disclose in unpersuasive. Even accepting its characterization of the September 10, 2025, deposition testimony, it has no explanation for the seven-week delay in supplementation.

Accordingly, Red Chamber has failed to carry its burden to show that the untimely disclosure of Mr. Prince was harmless or substantially justified. Therefore, exclusion under Rule

37(c)(1) is warranted, Moon River's Motion to strike Mr. Prince is hereby **GRANTED**, and he will not be allowed to testify as a witness in this cause.

      **SO ORDERED**, this the 13th day of January, 2026.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**
