IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MOON RIVER FOODS, INC.                                    PLAINTIFF/COUNTERDEFENDANT

v.                                                        CIVIL ACTION NO. 4:23-cv-189-SA-DAS

RED CHAMBER CO.                                          DEFENDANT/COUNTERPLAINTIFF

## ORDER

Now before the Court is the Plaintiff, Moon River Foods, Inc.'s, Motion *in Limine* [132] and Amended Motion *in Limine* [134], wherein it seeks a pretrial ruling in its favor on various potential evidentiary issues. Also before the Court is Defendant, Red Chamber Co.'s, Motion to Strike [136]. The Motions [132, 134, 136] have been fully briefed and are ripe for review. Having considered the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

### *Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL 532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (internal quotation marks and additional citations omitted). "Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Harkness*, 2015 WL 631512 at *1 (quoting *Fair v. Allen*, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011)). To that end, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.'" *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted). "Motions *in limine* should be narrowly tailored to address issues which will likely arise at trial and which require a pre-trial ruling due to their

complexity and/or the possibility of prejudice if raised in a contemporaneous objection." *Id*. (quoting *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008)).

*Analysis*

The Court will first address Red Chamber's Motion to Strike [136] before turning to the merits of Moon River's Motions *in Limine* [132, 134]. Through its Motion [136], Red Chamber seeks to strike Moon River's Amended Motion [134] on the basis that it was not timely filed. For its part, Moon River agrees that the Amended Motion [134] was filed one day after the applicable deadline; however, it points out in its Response Memorandum [141] that the purpose of this amendment is to "restrict[] in scope" one of its requests brought in the original, timely Motion [132]. [141] at p. 4. Specifically, in the Amended Motion [134], Moon River partially retracts a previously-made request that certain evidence should be excluded in its entirety. Because the Amended Motion [134] narrows one of the issues brought in the original Motion [132], the Court will consider it. Red Chamber's Motion to Strike [136] is hereby DENIED.

Turning to the Motions *in Limine* [132, 134], Moon River raises five separate evidentiary issues. The Court will address them separately.

I.     *First Request*

In its original Motion [132], Moon River sought to exclude evidence that it "was not using or profiting from the surimi equipment at issue." [132] at p. 1. This request was modified by virtue of the Amended Motion [134]. Moon River now seeks to exclude evidence that it "was not profiting from the surimi equipment at issue," and specifies that Red Chamber should not be allowed to offer "… evidence of Moon River's historical use (or non-use) of the surimi equipment as a defense to the elements of conversion." [134] at p. 1.

2

First, the Court notes that both parties' respective experts are expected to testify regarding Moon River's use or nonuse of the surimi equipment as that fact is relevant to the condition of the equipment and therefore its value. Despite that acknowledgment, in its Memorandum [135], Moon River argues that whether it was using the equipment or not is irrelevant to the elements of conversion. In response, Red Chamber argues that "the fact that Moon River was unable to use or profit from the machine is relevant and probative of the facts leading to Red Chamber's agreed upon possession of the surimi equipment." [139] at p. 2.

The Court reiterates the relevant standard applicable here. "Evidence should not be excluded *in limine* unless it is clearly inadmissible on *all* potential grounds." *Harkness*, 2015 WL 631512 at *1 (emphasis added). The parties agree that testimony pertaining to Moon River's nonuse of the equipment will be admissible as relevant to the value of the equipment. Additionally, though Moon River forewent its claim for lost profits associated with its conversion claim, the fact that Moon River was not profiting from the equipment could be inferred from its nonuse based on potential expert testimony. In other words, the jury may be presented those facts regardless as it relates to Moon River's nonuse of the equipment.

Additionally, Moon River has not identified specific pieces of evidence which it seeks to exclude related to this request. As such, the Court cannot, at this time, determine whether Moon River will be unfairly prejudiced if evidence *generally* related to its nonuse of and lack of profit from the equipment is offered for another purpose. *See Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008) ("Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context."). Further, as Red Chamber points out, Moon River is seeking punitive damages. Facts that provide context as to potentially why Moon River

permitted Red Chamber to take possession of the equipment in the first place could be relevant to Red Chamber's defense of the punitive damages claim. Additionally, the Court can provide the jury with a limiting instruction if necessary. For these reasons, this request is denied.

II.      *Second Request*

Next, Moon River requests that the Court prohibit Red Chamber "… from introducing evidence or making any argument in the presence of the jury that Moon River agreed to a purchase of the outstanding stock of Moon River or breached any such agreement." [132] at p. 1. Red Chamber responds that Moon River allowed Red Chamber to take possession of the equipment and that its consent was connected to "… a larger agreement for a stock purchase." [139] at p. 4. It argues that evidence regarding that larger agreement is relevant to its defense of Moon River's punitive damages claim.

The Court appreciates that summary judgment was granted as to Red Chamber's breach of contract and promissory estoppel counterclaims, and the Court will not allow the parties to relitigate those claims at trial. However, the Court is also cognizant that Xiao "Hank" Zhu, who acted on behalf of Moon River's stockholder in negotiations with Red Chamber pertaining to the stock purchase, is also the same person who authorized Red Chamber to take possession of the equipment. Although evidence that *Moon River* breached any agreement for the stock purchase may very well be inadmissible, the Court finds Moon River's request is far too broad to be resolved at this stage. Evidence related to a perceived "larger agreement" pertaining to the stock may be relevant to Red Chamber's defense of the punitive damages claim and the general timeline of events. Ultimately, at this juncture, the Court cannot conclude that all such evidence is "clearly inadmissible on all potential grounds" without proper context. *Harkness*, 2015 WL 631512 at *1. Moon River again fails to point to specific evidence it seeks to exclude. This request is denied.

III.    *Third Request*

Moon River's third request is for the Court to exclude evidence concerning the following: (1) Red Chamber's incurrence of expenses and costs associated with transporting the equipment to Argentina, including the $180,000 payment to Moon River for the interruption to its fish processing operation at its Mississippi facility, (2) Red Chamber's incurrence of expenses and costs associated with transporting its shrimp peeling machines to Moon River's facility, and (3) that Moon River did not incur any of the expenses or costs associated with either act. Red Chamber responds by arguing that evidence pertaining to these subjects "… at a minimum proves that an agreement was in place to allow Red Chamber to take possession of the surimi equipment." [139] at p. 5. For the same reasons explained in connection to Moon River's second request, the Court finds that evidence pertaining to the circumstances under which Red Chamber took possession of the surimi equipment could be relevant to its defense of Moon River's punitive damages claim. This request is therefore denied.

Aside from its relevancy argument, Moon River argues that evidence pertaining to these subjects should be excluded because Red Chamber has not provided a computation of damages as required by Rule 26 of the Federal Rules of Civil Procedure. Rule 26 requires the disclosure of "a computation of each category of damages *claimed by the disclosing party*…[.]" FED. R. CIV. P. 26(a)(1)(A)(iii) (emphasis added). Again, the Court has granted summary judgment on Red Chamber's counterclaims rendering this cited portion of Rule 26 inapplicable at this juncture.

IV.    *Fourth Request*

Moon River's fourth request is agreed upon. References to and evidence related to Red Chamber's attorney, Miles Prince's, August 14, 2025 letter are hereby EXCLUDED.

V.     *Fifth Request*

Finally, Moon River's fifth request is for portions of its March 7, 2023 letter to Ming Bin Kou (CEO for Red Chamber) to be excluded. Those portions of the letter include proposals for resolution offered by Moon River, which constitute compromise offers, and references to Red Chamber's bearing of the expenses associated with moving the surimi equipment to Argentina and its $180,000 payment to Moon River. Red Chamber "agrees that the letter… should be excluded[,]" but argues that "… all information contained within this letter, which can be elicited from other evidence, should not be excluded as it is relevant and probative to the matter herein." [139] at p. 6.

Because Red Chamber does not contest the exclusion of the portions of this letter that Moon River requests, the request is hereby granted and those portions are hereby EXCLUDED.

*Conclusion*

For the reasons set forth above, Moon River's Motion *in Limine* [132] is GRANTED IN PART and DENIED IN PART. Its Amended Motion *in Limine* [134], which pertained to the first request only, is DENIED. Red Chamber's Motion to Strike [136] is DENIED.

SO ORDERED, this the 16th day of March, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE